OPINION of the Court, by
Ch. J. Boyle.
This is a writ of error to reverse an order of the Gallatin county court establishing an inspection on the land of the defendant in error.
The first inquiry presented in the case is, whether the writ of error is maintainable in the name of the commonwealth or not'?
We have no hesitation in deciding that it is not. It is not pretended that there is any precedent or adjudication in analogous cases which can justify this mode of bringing the writ of error; and the novelty of the proceeding, though perhaps not a conclusive, is certainly a' very strong argument against its propriety. But it may be affirmed with confidence, we apprehend, that the proceeding is wholly indefensible on principle. The commonwealth is no party to the record, nor has she any right or property in that which is the subject of controversy. She lias lost nothing, therefore, by the order establishing the inspection, nor would she gain anything by its reversal : and it is a general rule, that no one who is not prejudiced by the judgment, and would not he entitled to the thing were it reversed, can bring a writ of error.
It is true, the common wealth may he said to be interested in the due observance of the laws in relation to the establishment of inspections* as she may no doubt in the same sense be said to be interested in the correct administration of the laws oí' the go\ eminent in general j but as this is an interest too remote and indirect to justify her bringing a writ of error in other cases for the reversal of an erroneous judgment to which she is not a party, it must be equally so in a case like the present. Besides, the commonwealth must have at least as great an interest in affirming an order establishing an inspection, where it was permitted by law and required by the public convenience, as she can have in reversing an order establishing an inspection where it was forbidden by law and not demanded by public convenience : and if she might bring a writ of error in the latter case, it would be equally proper that she should be a defendant in the former. But she certainly cannot be both plaintiff and defendant: and it would be preposterous in the *535 extremo, first to determine that the order ought to be reversed or affirmed, and then to decide, as the case might he, that she should be either plaintiff or defendant.
We infer, therefore, that she has not such an interest as to entitle her to be either plaintiff or defendant; and consequently the writ of error is in this case improperly brought in her name, and must be quashed.